UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INSTNCT GMBH,<br><br>                      Plaintiff,<br><br>v.<br><br>DREW BLYTHE BARRYMORE, PAPILLON PRODUCTIONS, INC., MAESA LLC, and BARRYMORE BRANDS HOLDINGS, LLC,<br><br>                      Defendants. | Case No.:  1:26-cv-00376 |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(INJUNCTIVE RELIEF DEMANDED)**

INSTNCT GMBH, by and through its undersigned counsel, hereby brings this Complaint against Defendants DREW BLYTHE BARRYMORE, PAPILLON PRODUCTIONS, INC., MAESA LLC, and BARRYMORE BRANDS HOLDINGS, LLC ("Defendants") for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. INSTNCT GmbH brings this action for violations of its exclusive rights under the Copyright Act, 17 U.S.C. § 106, to reproduce, distribute, and publicly perform—including by means of a digital audio transmission—its original copyrighted works of authorship.

2. Defendant DREW BLYTHE BARRYMORE ("Barrymore") is an American actress, producer, talk show host, and businesswoman. At all times relevant herein, Barrymore controlled and operated the Instagram account located at the URL https://www.instagram.com/drewbarrymore/ (the "IG Account").

3. Defendant PAPILLON PRODUCTIONS, INC. ("Papillon") is the owner of trademarks for FLOWER and FLOWER BEAUTY covering cosmetics products and used by the FLOWER BEAUTY brand.

4. Defendant MAESA LLC ("Maesa") is a beauty company specializing in incubating, developing, and operating beauty brands across multiple categories.

5. Defendant BARRYMORE BRANDS HOLDINGS, LLC ("Barrymore Brands") is a business entity associated with Drew Barrymore and her portfolio of lifestyle and consumer product brands.

6. INSTNCT GmbH alleges that defendants copied, distributed, and publicly performed INSTNCT GmbH's copyrighted Work on Instagram using the IG Account in order to advertise, market and promote their business activities. Defendants committed the violations alleged in connection with Defendants' business.

## JURISDICTION AND VENUE

7. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

8. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

9. Defendants are subject to personal jurisdiction in New York because defendants committed tortious acts within New York on Instagram operated in New York.

10. Jurisdiction is proper in New York because Defendants caused Plaintiffs to suffer a tortious injury in this state caused by an act or omission outside this state.

11. The acts or omissions that the Defendants committed outside the state consisted of copying, distributing and publicly performing INSTNCT GmbH's copyrighted Work on Instagram.

12. These acts caused plaintiff to suffer tortious injury in New York.

13. Defendants profited from the acts of infringement by receiving business from consumers as a result of the unauthorized use of INSTNCT GmbH's copyrighted Work on Instagram.

14. Defendants have sufficient minimum contacts with the state of New York, there is a direct connection between its tortious acts and the state of New York, and the exercise of personal jurisdiction over Defendants complies with the Due Process Clause of the United States Constitution.

15. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) and because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

## INSTNCT GMBH

16. INSTNCT GmbH is a specialized music rights management and licensing company headquartered in Cologne, Germany.

17. INSTNCT GmbH provides comprehensive services in music publishing, synchronization licensing, rights clearing, and license revenue optimization. Founded on the principle that music represents "that magic spark, that special instinct that turns a song into an emotion," the company positions itself as a creative partner for composers, producers, brands, and media professionals seeking to navigate the complex landscape of music rights administration.

## THE COPYRIGHTED WORK AT ISSUE

18. INSTNCT GmbH owns all the rights to the album "You Make Me Happy" released on Firefly in 2022.

19. The album "You Make Me Happy" was written by Caren Schultz (Pseud. Emma Patterson) and Rainer Krupka (Pseud. Adam Specter).

20. Included in the album "You Make Me Happy" is the song "You Make Me Happy (Acoustic)" (the "Work").

21. INSTNCT GmbH registered the Work with the Register of Copyrights on May 08, 2023, and was assigned registration number PA 2-412-966. The Certificate of Registration is attached hereto as **Exhibit 1**.

22. "You Make Me Happy (Acoustic)" is an acoustic version of the popular indie-pop song by German singer-songwriter My Sun and Stars (Emma Patterson).

23. "You Make Me Happy (Acoustic)" has achieved significant streaming success and social media engagement across multiple platforms.

24. As of December of 2025, "You Make Me Happy (Acoustic)" has been streamed over 15.2 million times on Spotify with 117,000 monthly listeners and 52,000 weekly streams. The track has 22,000 Instagram followers, 18,600 TikTok followers with 230,000 likes, 18,000 YouTube subscribers and 46,000 Facebook likes.

25. "You Make Me Happy (Acoustic)" was never distributed as royalty-free to commercial users.

26. "You Make Me Happy (Acoustic)" is not contained in any music libraries licensed to Meta, TikTok, or other social networks.

27. "You Make Me Happy (Acoustic)" is only available for commercial use subject to license.

## INFRINGEMENT BY DEFENDANTS

28. Defendants have never been licensed to use the Work at issue in this action for any purpose.

29. On a date after the Work was created, but prior to the filing of this action, Defendants copied, distributed, and publicly performed the Work on Instagram.

30. The Instagram reel posted by defendants or authorized by them contains a video advertisement for the FLOWER BEAUTY brand and FLOWER and FLOWER BEAUTY brand products synchronized with the Work at issue in this case.

31. Plaintiff discovered the unauthorized use of its Work at the following Internet URL: https://www.instagram.com/reels/CqX37VkJGNk/.

32. Defendants copied, publicly performed and distributed the Work synchronized to a video advertisement for the FLOWER BEAUTY brand and FLOWER and FLOWER BEAUTY brand to promote the sale of FLOWER and FLOWER BEAUTY brand products without the plaintiff's permission.

33. After defendants copied the Work, defendants distributed and publicly performed—including by means of a digital audio transmission—the Work as advertising to promote the sale of products made, owned, manufactured, distributed, and sold by Defendants FLOWER and FLOWER BEAUTY business.

34. Defendants copied, distributed and publicly performed the Work in order to advertise, market and promote their social media pages, grow their social media subscriber bases, earn money from advertising to its social media followers, and engage in other money-making business activities using the Work.

35. Defendants committed these violations alleged in connection with Defendants' business for purposes of advertising to the public.

36. Defendants committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

37. Plaintiff never gave Defendants permission or authority to copy, distribute or publicly perform the Work.

38. Plaintiff notified Defendants of the allegations set forth herein on December 29, 2025 but to date defendants have not ceased or desisted from ongoing infringement.

## COUNT I
## COPYRIGHT INFRINGEMENT

39. INSTNCT GmbH incorporates the allegations of paragraphs 1 through 38 of this Complaint as if fully set forth herein.

40. INSTNCT GmbH owns the copyright in the Work at issue in this case.

41. INSTNCT GmbH registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

42. Defendants copied, distributed and publicly performed the Work at issue in this case without INSTNCT GmbH's authorization in violation of 17 U.S.C. § 501.

43. Defendants performed the acts alleged in the course and scope of their business activities.

44. Defendants' acts were willful.

45. INSTNCT GmbH has been damaged.

46. The harm caused to INSTNCT GmbH is irreparable.

WHEREFORE, INSTNCT GmbH prays for judgment against Defendants DREW BLYTHE BARRYMORE, PAPILLON PRODUCTIONS, INC., MAESA LLC, and BARRYMORE BRANDS HOLDINGS, LLC that:

A. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

B.  Defendants be required to pay INSTNCT GmbH's actual damages and Defendants' profits attributable to the infringement, or, at INSTNCT GmbH's election, statutory damages, as provided in 17 U.S.C. § 504;

C.  INSTNCT GmbH be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon;

D.  INSTNCT GmbH be awarded pre- and post-judgment interest; and

E.  INSTNCT GmbH be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

INSTNCT GmbH hereby demands a trial by jury of all issues so triable.

Dated: January 15, 2026                Respectfully submitted,

/s/ Joel Rothman
JOEL B. ROTHMAN (JR0352)
Joel.Rothman@sriplaw.com

**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
561.404.4335 – Telephone
561.404.4353 – Facsimile

and

JOSEPH A. DUNNE (JD0674)
Joseph.dunne@sriplaw.com

**SRIPLAW, P.A.**
41 Madison Avenue
25th Floor
New York, NY 10010
929.200.8446 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff INSTNCT GmbH*