**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

INSTNCT GMBH,                                          X

       Plaintiff,        :

v.

           :

DREW BLYTHE BARRYMORE,
PAPILLON PRODUCTIONS, INC.,                            :  Case No.: 1:26-cv-00376-JMF
BARRYMORE BRANDS HOLDINGS, LLC,
and TRE MILANO, LLC dba INSTYLER,                      :

       Defendants.       :

---------------------------------------------------------------  X

### ANSWER BY DEFENDANTS DREW BLYTHE BARRYMORE, PAPILLON PRODUCTIONS, INC., AND BARRYMORE BRANDS HOLDINGS, LLC TO SECOND AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT

By and through their undersigned counsel, Defendants Drew Blythe Barrymore ("Barrymore"), Papillon Productions, Inc. ("Papillon"), and Barrymore Brands Holdings, LLC ("Barrymore Brands")(together "Defendants") submit this Answer to the Second Amended Complaint by Plaintiff INSTNCT GmbH ("Plaintiff") in the above captioned action.

### GENERAL DENIAL

Except as otherwise expressly admitted herein, Defendants deny each and every allegation contained in the Second Amended Complaint ("SAC"), including, without limitation, any allegations contained in the preamble, introduction, headings or subheadings of the SAC, and specifically deny any liability to Plaintiff. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, any allegations in the SAC to which no response is required shall be considered denied. Defendants expressly reserve the right to seek to amend or supplement this Answer as may be necessary.

1

## RESPONSE TO SPECIFIC ALLEGATIONS

### SUMMARY OF THE ACTION

1. Defendants deny that the SAC states any viable claim for relief and otherwise deny the allegations in Paragraph 1.

2. Defendants admit that Drew Barrymore is American, an actress, producer, talk show host and entrepreneur; Defendants deny the remaining allegations in paragraph 2 of the SAC.

3. Defendants admit that Papillon owns trademarks for FLOWER and FLOWER Beauty, which have been used by the FLOWER Beauty brand; Defendants deny the remaining allegations in paragraph 3 of the SAC.

4. Defendants admit that Barrymore Brands is a business entity associated with Drew Barrymore and lifestyle and consumer product brands.

5. Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 5 of the SAC and, therefore, deny the same.

6. Defendants deny the allegations in paragraph 6 of the SAC.

### JURISDICTION AND VENUE

7. Paragraph 7 of the SAC states a legal conclusion to which no response is required.

8. Defendants do not contest that this Court has subject matter jurisdiction over Plaintiff's claims in the SAC.

9. Defendants do not contest personal jurisdiction or venue in this Court; otherwise, Defendants deny the allegations in paragraph 9 of the SAC.

10. Defendants do not contest personal jurisdiction or venue in this Court; otherwise, Defendants deny the allegations in paragraph 10 of the SAC.

11. Defendants deny the allegations in paragraph 11 of the SAC.

12.    Defendants deny the allegations in paragraph 12 of the SAC.

13.    Defendants deny the allegations in paragraph 13 of the SAC.

14.    Defendants do not contest personal jurisdiction or venue in this Court; otherwise, Defendants deny the allegations in paragraph 14 of the SAC.

15.    Defendants do not contest personal jurisdiction or venue in this Court; otherwise, Defendants deny the allegations in paragraph 15 of the SAC.

## INSTNCT GMBH

16.    Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 16 of the SAC and, therefore, deny the same.

17.    Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 17 of the SAC and, therefore, deny the same.

## HEADER TO WHICH NO RESPONSE IS REQUIRED, THEREFORE DENIED

18.    Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 18 of the SAC and, therefore, deny the same.

19.    Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 19 of the SAC and, therefore, deny the same.

20.    Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 20 of the SAC and, therefore, deny the same.

21.    Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 21 of the SAC and, therefore, deny the same.

22.    Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 22 of the SAC and, therefore, deny the same.

23.    Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 23 of the SAC and, therefore, deny the same.

24.     Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 24 of the SAC and, therefore, deny the same.

25.     Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 25 of the SAC and, therefore, deny the same.

26.     Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 26 of the SAC and, therefore, deny the same.

27.     Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 27 of the SAC and, therefore, deny the same.

28.      Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 28 of the SAC and, therefore, deny the same.

**HEADER TO WHICH NO RESPONSE IS REQUIRED, THEREFORE DENIED**

29.     Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 29 of the SAC and, therefore, deny the same.

30.     Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 30 of the SAC and, therefore, deny the same.

31.     Defendants deny the allegations in paragraph 31 of the SAC.

32.     Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 32 of the SAC and, therefore, deny the same.

33.     Defendants deny the allegations in paragraph 33 of the SAC.

34.     Defendants deny the allegations in paragraph 34 of the SAC.

35.     Defendants deny the allegations in paragraph 35 of the SAC.

36.     Defendants deny the allegations in paragraph 36 of the SAC.

37.     Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegation that Exhibit 3 to the SAC is a copy of a screenshot of a video

posted on the Instagram Account, and Defendants deny the remaining allegations contained in paragraph 37 of the SAC.

38.    Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 38 of the SAC and, therefore, deny the same.

39.    Defendants deny the allegations in paragraph 39 of the SAC.

## COUNT I
## COPYRIGHT INFRINGEMENT

40.    Defendants repeat, and expressly incorporate by reference, all of their responses to the allegations in paragraphs 1 through 39 of this SAC, as though fully set forth herein.

41.    Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 41 of the SAC and, therefore, deny the same.

42.    Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 42 of the SAC and, therefore, deny the same.

43.    Defendants deny the allegations in paragraph 43 of the SAC.

44.    Defendants deny the allegations in paragraph 44 of the SAC.

45.    Defendants deny the allegations in paragraph 45 of the SAC.

46.    Defendants deny the allegations in paragraph 46 of the SAC.

47.    Defendants deny the allegations in paragraph 47 of the SAC.

## PLAINTIFF'S PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief it seeks in the SAC.

## AFFIRMATIVE DEFENSES

As and for Defendants' Affirmative Defenses to the SAC, Defendants hereby assert the following:

First Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because the SAC fails to state a claim upon which this Court could grant Plaintiff any relief.

Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to bring a claim of copyright infringement against Defendants.

Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of fair use pursuant to Section 107 of the Copyright Act, 17 U.S.C. § 107.

Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff granted a license for use of the subject work.

Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the first sale doctrine, 17 U.S.C. § 109.

Ninth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because the alleged use was de minimis.

6

### Tenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the statute of limitations as set forth in section 507 of the Copyright Act, 17 U.S.C. § 507.

### Eleventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because the owner failed to enforce rights to any copyright, thereby abandoning any such right.

### Twelfth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff has misused its copyrights including but not limited to having wrongfully attempted to extend the scope of the limited rights granted by the Copyright Act.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because one or more third parties are liable for the conduct alleged and will be required to answer and indemnify.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### Fifteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Defendant's conduct was innocent, non-infringing, and not a willful infringement of copyright.

### Sixteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to register the copyright in the work set forth in the Complaint and thus is not permitted to file this suit or maintain this action.

7

Seventeenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff has acquiesced in any alleged copyright infringement.

Eighteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because portions of the alleged copyrights are invalid because they consist of unprotectable ideas, processes or facts.

Nineteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by 17 U.S.C. section 412, barring statutory damages or attorneys' fees under the Copyright Act because any alleged acts of infringement occurred before first registration of Plaintiff's alleged work.

Defendants hereby give notice that they intend to rely on additional affirmative defenses that become available or apparent through discovery and the factual development of this case or otherwise. Defendants reserve the right to amend this Answer to assert such additional defenses.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment dismissing Plaintiff's SAC, denying any and all of the relief Plaintiff seeks from Defendants, and awarding Defendants' attorneys' fees and costs incurred in connection with this action and such other relief as the Court deems appropriate.

**JURY DEMAND**

Defendants hereby demand a trial by jury of all issues so triable.

///

///

///

///

8

Dated: May 4, 2026

Respectfully submitted,

*/s/ Robert M. Barta*
Robert M. Barta
BARTA | GOLDBERG
1801 Century Park East, Suite 1200
Los Angeles, California 90067
Tel.: (310) 479 1454
Fax: (310) 478 1439
Email: rbarta@bartagoldberg.com

*Counsel for Defendants Drew Blythe Barrymore,
Papillon Productions, Inc., and Barrymore Brands
Holdings, LLC*

9