UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INSTNCT GMBH and TRO GMBH, | X |
| Plaintiff, | : |
| v. | : |
| DREW BLYTHE BARRYMORE, PAPILLON PRODUCTIONS, INC., BARRYMORE BRANDS HOLDINGS, LLC, and TRE MILANO, LLC dba INSTYLER, | : Case No.: 1:26-cv-00376-JMF : |
| Defendants. | : X |

### ANSWER BY DEFENDANTS DREW BLYTHE BARRYMORE, PAPILLON PRODUCTIONS, INC., AND BARRYMORE BRANDS HOLDINGS, LLC TO THIRD AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT

By and through their undersigned counsel, Defendants Drew Blythe Barrymore ("Barrymore"), Papillon Productions, Inc. ("Papillon"), and Barrymore Brands Holdings, LLC ("Barrymore Brands")(together "Defendants") submit this Answer to the Second Amended Complaint by Plaintiffs INSTNCT GmbH and TRO GMBH ("Plaintiffs") in the above captioned action.

### GENERAL DENIAL

Except as otherwise expressly admitted herein, Defendants deny each and every allegation contained in the Third Amended Complaint ("TAC"), including, without limitation, any allegations contained in the preamble, introduction, headings or subheadings of the TAC, and specifically deny any liability to Plaintiffs. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, any allegations in the TAC to which no response is required shall be considered denied. Defendants expressly reserve the right to seek to amend or supplement this Answer as may be necessary.

1

## RESPONSE TO SPECIFIC ALLEGATIONS

## SUMMARY OF THE ACTION

1.      Defendants deny that the TAC states any viable claim for relief and otherwise deny the allegations in Paragraph 1.

2.      Defendants admit that Drew Barrymore is American, an actress, producer, talk show host and entrepreneur; Defendants deny the remaining allegations in paragraph 2 of the TAC.

3.      Defendants admit that Papillon owns trademarks for FLOWER and FLOWER Beauty, which have been used by the FLOWER Beauty brand; Defendants deny the remaining allegations in paragraph 3 of the TAC.

4.      Defendants admit that Barrymore Brands is a business entity associated with Drew Barrymore and lifestyle and consumer product brands.

5.      Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 5 of the TAC and, therefore, deny the same.

6.      Defendants deny the allegations in paragraph 6 of the TAC.

## JURISDICTION AND VENUE

7.      Paragraph 7 of the TAC states a legal conclusion to which no response is required.

8.      Defendants do not contest that this Court has subject matter jurisdiction over Plaintiffs' claims in the TAC.

9.      Defendants do not contest personal jurisdiction or venue in this Court; otherwise, Defendants deny the allegations in paragraph 9 of the TAC.

10.      Defendants do not contest personal jurisdiction or venue in this Court; otherwise, Defendants deny the allegations in paragraph 10 of the TAC.

2

11.     Defendants deny the allegations in paragraph 11 of the TAC.

12.     Defendants deny the allegations in paragraph 12 of the TAC.

13.     Defendants deny the allegations in paragraph 13 of the TAC.

14.     Defendants do not contest personal jurisdiction or venue in this Court; otherwise, Defendants deny the allegations in paragraph 14 of the TAC.

15.     Defendants do not contest personal jurisdiction or venue in this Court; otherwise, Defendants deny the allegations in paragraph 15 of the TAC.

## PLAINTIFFS

16.     Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 16 of the TAC and, therefore, deny the same.

17.     Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 17 of the TAC and, therefore, deny the same.

18.     Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 18 of the TAC and, therefore, deny the same.

## HEADER TO WHICH NO RESPONSE IS REQUIRED, THEREFORE DENIED

19.     Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 19 of the TAC and, therefore, deny the same.

20.     Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 20 of the TAC and, therefore, deny the same.

21.     Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 21 of the TAC and, therefore, deny the same.

22.     Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 22 of the TAC and, therefore, deny the same.

23.    Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 23 of the TAC and, therefore, deny the same.

24.    Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 24 of the TAC and, therefore, deny the same.

25.    Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 25 of the TAC and, therefore, deny the same.

26.    Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 26 of the TAC and, therefore, deny the same.

27.    Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 27 of the TAC and, therefore, deny the same.

28.    Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 28 of the TAC and, therefore, deny the same.

29.     Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 29 of the TAC and, therefore, deny the same.

## HEADER TO WHICH NO RESPONSE IS REQUIRED, THEREFORE DENIED

30.    Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 30 of the TAC and, therefore, deny the same.

31.    Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 31 of the TAC and, therefore, deny the same.

32.    Defendants deny the allegations in paragraph 32 of the TAC.

33.    Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 33 of the TAC and, therefore, deny the same.

34.    Defendants deny the allegations in paragraph 34 of the TAC.

35.    Defendants deny the allegations in paragraph 35 of the TAC.

4

36.    Defendants deny the allegations in paragraph 36 of the TAC.

37.    Defendants deny the allegations in paragraph 37 of the TAC.

38.    Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegation that Exhibit 3 to the TAC is a copy of a screenshot of a video posted on the Instagram Account, and Defendants deny the remaining allegations contained in paragraph 38 of the TAC.

39.    Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 39 of the TAC and, therefore, deny the same.

40.    Defendants deny the allegations in paragraph 40 of the TAC.

## COUNT I
## COPYRIGHT INFRINGEMENT

41.    Defendants repeat, and expressly incorporate by reference, all of their responses to the allegations in paragraphs 1 through 41 of this TAC, as though fully set forth herein.

42.    Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 42 of the TAC and, therefore, deny the same.

43.    Defendants lack sufficient knowledge and information to form a belief as to the truth or falsity of the allegations in paragraph 43 of the TAC and, therefore, deny the same.

44.    Defendants deny the allegations in paragraph 44 of the TAC.

45.    Defendants deny the allegations in paragraph 45 of the TAC.

46.    Defendants deny the allegations in paragraph 46 of the TAC.

47.    Defendants deny the allegations in paragraph 47 of the TAC.

48.    Defendants deny the allegations in paragraph 48 of the TAC.

## PLAINTIFFS' PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to any of the relief they seek in the TAC.

5

## AFFIRMATIVE DEFENSES

As and for Defendants' Affirmative Defenses to the TAC, Defendants hereby assert the following:

### First Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because the TAC fails to state a claim upon which this Court could grant Plaintiffs any relief.

### Second Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs lack standing to bring a claim of copyright infringement against Defendants.

### Third Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of equitable estoppel.

### Fourth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

### Fifth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

### Sixth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of fair use pursuant to Section 107 of the Copyright Act, 17 U.S.C. § 107.

### Seventh Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs granted a license for use of the subject work.

### Eighth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the first sale doctrine, 17 U.S.C. § 109.

### Ninth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because the alleged use was de minimis.

### Tenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the statute of limitations as set forth in section 507 of the Copyright Act, 17 U.S.C. § 507.

### Eleventh Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because the owner failed to enforce rights to any copyright, thereby abandoning any such right.

### Twelfth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have misused its copyrights including but not limited to having wrongfully attempted to extend the scope of the limited rights granted by the Copyright Act.

### Thirteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because one or more third parties are liable for the conduct alleged and will be required to answer and indemnify.

### Fourteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

### Fifteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Defendants' conduct was innocent, non-infringing, and not a willful infringement of copyright.

### Sixteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to register the copyright in the work set forth in the Complaint and thus are not permitted to file this suit or maintain this action.

Seventeenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have acquiesced in any alleged copyright infringement.

Eighteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, because portions of the alleged copyrights are invalid because they consist of unprotectable ideas, processes or facts, or the work is in the public domain.

Nineteenth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by 17 U.S.C. section 412, barring statutory damages or attorneys' fees under the Copyright Act because any alleged acts of infringement occurred before first registration of Plaintiffs' alleged work.

Defendants hereby give notice that they intend to rely on additional affirmative defenses that become available or apparent through discovery and the factual development of this case or otherwise. Defendants reserve the right to amend this Answer to assert such additional defenses.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment dismissing Plaintiffs' TAC, denying any and all of the relief Plaintiffs seek from Defendants, and awarding Defendants' attorneys' fees and costs incurred in connection with this action and such other relief as the Court deems appropriate.

## **JURY DEMAND**

Defendants hereby demand a trial by jury of all issues so triable.

Dated: June 9, 2026

Respectfully submitted,

*/s/ Robert M. Barta*
Robert M. Barta
BARTA | GOLDBERG
1801 Century Park East, Suite 1200
Los Angeles, California 90067
Tel.: (310) 479 1454
Fax: (310) 478 1439
Email: rbarta@bartagoldberg.com

*Counsel for Defendants Drew Blythe Barrymore,*
*Papillon Productions, Inc., and Barrymore Brands*
*Holdings, LLC*