

**Joel B. Rothman**
Managing Partner - Board Certified in Intellectual Property Law

Direct: 561.404.4335
joel.rothman@sriplaw.com

June 30, 2026

<u>VIA ECF</u>
Honorable Jesse M. Furman
United States District Court
Southern District of New York
50 Foley Square, Courtroom 1105
New York, NY 10007

RE:     INSTNCT GmbH and TRO GmbH v. Drew Blythe Barrymore, Papillon Productions, Inc.,
        Barrymore Brands Holdings, LLC, and Tre Milano, LLC dba Instyler
        Case Number:  1:26-cv-00376-JMF
        Our File Number:  31669

Dear Judge Furman,

As the Court is aware, defendant Tre Milano, LLC failed to appear after service upon it. On June 15, 2026, Your Honor entered an order noting that Tre Milano "failed to appear in this action" and required plaintiff to "submit a letter addressing whether Plaintiffs have had any contact with Defendants or if they have any other reason to believe that Defendants have actual notice of this lawsuit."

Plaintiffs responded and submitted the requested letter. In a letter dated June 22, 2026, plaintiffs indicated that they was performing additional research to locate other potentially responsible entities. (ECF 61).

Immediately thereafter, Your Honor entered an Order on June 23, 2026 (ECF 62) that required plaintiffs to "file any motion for default judgment, in accordance with the Court's Individual Rules and Practices for Civil Cases (available at https://nysd.uscourts.gov/hon-jesse-m-furman), within two weeks of the date of this Order," and required plaintiffs to "file its motion for default judgment, not merely its request for a Clerk's Certificate of Default, by the above deadline."

Respectfully, the Court appears to have overlooked that this is a multi-defendant case where defendants Drew Blythe Barrymore, Papillon Productions, Inc., and Barrymore Brands Holdings, LLC have appeared and are alleged to be jointly and severally liable for copyright infringement with defendant Tre Milano, LLC. As a result, entering the default judgment against Tre Milano, LLC would be premature and creates the possibility of inconsistent judgments. See, e.g., *Montcalm Pub. Corp. v. Ryan,* 807 F. Supp. 975 (S.D.N.Y. 1992) (Damages judgment against defaulting defendants would be premature since they allegedly were jointly and severally liable with nondefaulting defendant; proper procedure was to consolidate inquest to determine level of damages as to defaulting defendants with damages aspect of trial against nondefaulting defendants.)

Furthermore, the failure of Tre Milano, LLC to appear has prompted plaintiffs to dig further and attempt to identify other potentially liable parties for the infringement. This process has resulted in the identification of other entities that appear to have distributed and sold the products shown in

June 30, 2026
Page 2

the infringing commercial social media post on Instagram and would therefore have legal liability for the alleged infringement. These parties include Trade Box, LLC, Hoziane, LLC, MM&R Products, Inc., and Walmart, Inc.

In addition, plaintiffs believe that the defendants who have appeared—Drew Blythe Barrymore, Papillon Productions, Inc., Barrymore Brands Holdings, LLC—are in the best position to know the names of the individuals and entities responsible for the commissioning the infringing commercial social media post. The defendants who have appeared certainly know who distributed and sold the products shown in the social media post the defendants posted to their social media.

After several requests, the defendants who have appeared have agreed to participate in a Rule 26(a) conference with plaintiffs on July 6, 2026. After the conference, plaintiffs will immediately serve discovery on the defendants who appeared to obtain the identities of the individuals and entities responsible for the commissioning the infringing commercial social media post. Plaintiffs will also request voluntary production sooner if possible.

Obtaining information and documents from the defendants who appeared appears to be an efficient way to identify the other individuals and entities responsible for the infringing commercial social media post. Once this information is obtained, plaintiffs may return to Your Honor with a motion for leave to amend and another proposed amended complaint (the fourth amended) at that time.

Finally, while plaintiffs work to identify the other individuals and entities responsible for the infringing commercial social media post, plaintiffs request that the Court defer the requirement that the plaintiffs file a motion for entry of default judgment for the reasons explained above.

Respectfully submitted,

SRIPLAW

Joel B. Rothman
JBR/JJ

Application GRANTED with the following caveat.  In multi-defendant cases, the Court often grants default judgment as to liability only and reserves judgment with respect to damages pending litigation against the other Defendants.  If Plaintiffs wish to move for default judgment against the non-appearing Defendant with that understanding, they may do so.  If Plaintiffs conclude that their resources are better spent focusing on the appearing Defendants (and other potential Defendants) for now, they may hold off on filing a default judgment motion.

Pursuant to the Court's Individual Rules and Practices, future requests for relief should be filed as letter motions.

SO ORDERED.

June 30, 2026