UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

    INSTNCT GmbH and TRO GmbH

                                  Plaintiff(s),

                -v-

    Drew Blythe Barrymore, Papillon Productions, Inc.,
    Barrymore Brands Holdings, LLC and Tre Milano, LLC
    dba Instyler

                           Defendant(s).

------------------------------------------------------------------------ X

26 -CV-00376 (JMF)

CIVIL CASE
MANAGEMENT PLAN
AND SCHEDULING
ORDER

       This Civil Case Management Plan and Scheduling Order is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1.     All parties [consent _____ / do not consent _ ✓ _] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial.  28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences.  [*If all parties consent, the remaining Paragraphs should not be completed.  Instead, within three (3) days of submitting this Proposed Case Management Plan and Scheduling Order, the parties shall submit to the Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, available at* https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf.]

2.     The parties [have _ ✓ _ / have not _____] conferred pursuant to Fed. R. Civ. P. 26(f).

3.     Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court.  Any motion to amend or to join additional parties shall be filed no later than September 4, 2026_____.  [*Absent exceptional circumstances, a date not more than thirty (30) days following the initial pretrial conference.  Any motion to amend or to join additional parties filed after the deadline in this paragraph will be subject to the "good cause" standard in Fed. R. Civ. P. 16(b)(4) rather than the more lenient standards of Fed. R. Civ. P. 15 and 21.*]

4.     Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than August 17, 2026_____.  [*Absent exceptional circumstances, a date not more than fourteen (14) days following the initial pretrial conference.*]

5.     [*If applicable*] The plaintiff(s) shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than _____.

Revised December 11, 2025

6.    Discovery

    a.    The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Civil Rules of the Southern District of New York.

    b.    All fact discovery shall be completed no later than December 14, 2026_____. [*A date not more than 120 days following the initial pretrial conference, unless the Court finds that the case presents unique complexities or other exceptional circumstances.*]

    c.    The parties agree that there [is ✔ / is no____] need for expert discovery. If the parties agree that there is no need for expert discovery, all discovery shall be completed by the deadline for fact discovery, unless — prior to that date — a party files, and the Court grants, a letter-motion seeking an extension for purposes of taking expert discovery; any such motion should explain why expert discovery has become necessary and propose a schedule for such discovery. [*If any party believes that there is a need for expert discovery, the parties should complete Paragraph 6(d).*]

    d.    [*If applicable*] All expert discovery, including reports, production of underlying documents, and depositions, shall be completed no later than January 25, 2027_____. [*Absent exceptional circumstances, a date not more than 45 days from the date in Paragraph 6(b) (i.e., the completion of all fact discovery). In the Court's experience, expert discovery is rarely necessary in wage-and-hour cases, and it can generally be conducted concurrently with fact discovery (i.e., completed by the date set forth in Paragraph 6(b)) in cases involving claims under the Americans with Disabilities Act.*]

    e.    The parties should not anticipate extensions of the deadlines for fact discovery and expert discovery set forth in the foregoing Paragraphs. Relatedly, the parties should not make a unilateral decision to stay or halt discovery (on the basis of settlement negotiations or otherwise) in anticipation of an extension. If something unforeseen arises, a party may seek a limited extension of the foregoing deadlines by letter-motion filed on ECF. Any such motion must be filed before the relevant deadline and must explain why, despite the parties' due diligence, discovery could not be completed by the relevant deadline.

7.    Interim Discovery Deadlines

    a.    Initial requests for production of documents shall be served by August 14, 2026_____. [*Absent exceptional circumstances, a date not more than thirty (30) days following the initial pretrial conference.*]

    b.    Interrogatories pursuant to Local Civil Rule 33.3(a) shall be served by August 14, 2026_____. [*Absent exceptional circumstances, a date not more than thirty (30) days following the initial pretrial conference.*] No Rule 33.3(a) interrogatories need to be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).

    c.    Unless otherwise ordered by the Court, contention interrogatories pursuant to Local Civil Rule 33.3(c) must be served no later than thirty (30) days before the close of

Revised December 11, 2025

discovery.  No other interrogatories are permitted except upon prior express permission of the Court.

d.  Unless otherwise ordered by the Court, depositions of fact witnesses shall be completed by the date set forth in Paragraph 6(b).

   i.  Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production.

   ii.  There is no priority in deposition by reason of a party's status as a plaintiff or a defendant.

   iii.  Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

e.  Unless otherwise ordered by the Court, requests to admit shall be served by no later than thirty (30) days before the close of discovery.

f.  Any of the deadlines in Paragraphs 7(a) through 7(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in Paragraph 6(b).

g.  In the event that there is expert discovery, no later than thirty (30) days prior to the date in Paragraph 6(b) (i.e., the completion of all fact discovery), the parties shall meet and confer on a schedule for expert disclosures, including reports (including rebuttal reports, if applicable), production of underlying documents, and depositions, provided that (1) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (2) all expert discovery shall be completed by the date set forth in Paragraph 6(c).

8.  Privileged Materials and Trial-Preparation Materials

a.  [*If and as applicable*] The parties shall comply with Fed. R. Civ. P. 26(b)(5)(A) and Local Civil Rule 26.2 no later than _____ using the following method or methods: :

_____

_____

_____

[*In general, parties are encouraged to exchange privilege logs or other means of identifying withheld materials concurrently with, or as promptly as practicable following, each production.  In accordance with Local Civil Rule 26.2(c), parties are*

*also encouraged to identify and use efficient methods for the exchange of such information, including, as appropriate, the use of document-by-document, categorical, or metadata privilege logs.*]

b. The parties [have _ ✓ _ / have not _      ] reached an agreement under Fed. R. Evid. 502.  [*If the parties have reached such an agreement, they may file an agreed-upon proposed order under Fed. R. Evid. 502(d).*]

c. The parties [do _ ✓ _ / do not _      ] believe that a protective order under Fed. R. Civ. P. 26(c) is warranted.  [*If the parties believe that a protective order is warranted, they should file an agreed-upon proposed order.  Any such order may bind the parties to treat as confidential documents so classified but may not authorize the parties to file documents under seal absent an appropriate court finding.  That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents."  See generally* Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).*]

9. All motions and applications shall be governed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Southern District of New York, and the Court's Individual Rules and Practices in Civil Cases (available at https://nysd.uscourts.gov/hon-jesse-m-furman).

10. In the case of discovery disputes, parties should follow Local Civil Rule 37.2 with the following modifications.  Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute.  If this meet-and-confer process does not resolve the dispute, the party shall, in accordance with the Court's Individual Rules and Practices in Civil Cases, promptly file a letter-motion, no longer than three pages, explaining the nature of the dispute and requesting an informal conference.  Any letter-motion seeking relief *must* include a representation that the meet-and-confer process occurred and was unsuccessful.  Any opposition to a letter-motion seeking relief shall be filed as a letter, not to exceed three pages, within three business days.  Counsel should be prepared to discuss with the Court the matters raised by such letters, as the Court will seek to resolve discovery disputes quickly, by order, by conference, or by telephone.  **Counsel should seek relief in accordance with these procedures in a timely fashion; if a party waits until near the close of discovery to raise an issue that could have been raised earlier, the party is unlikely to be granted the relief that it seeks, let alone more time for discovery.**

11. Absent good cause, the Court will not have summary judgment practice in a non-jury case. Summary judgment motions, if applicable, must be filed within thirty (30) days of the close of fact or expert discovery (whichever is later).  Unless otherwise ordered by the Court, any opposition to such a motion must be filed two (2) weeks after the motion is served on the opposing party, and any reply must be filed one (1) week after service of any opposition.  If both sides intend to file summary judgment motions, the parties should confer and propose (no later than one week after the close of discovery) a briefing structure, schedule, and page limits.  To avoid redundancy, the Court will, in most instances, set a briefing schedule with deadlines for (1) one party to file the initial motion; (2) the other party to file a cross-motion, with a single, consolidated memorandum of law supporting the cross-motion and opposing

Revised December 11, 2025

the initial motion; (3) the first party to file a single, consolidated memorandum of law replying in support of the initial motion and opposing the cross-motion; and (4) the cross-moving party to file a reply in support of the cross-motion.

12.     Any motion to exclude the testimony of experts pursuant to Rules 702-705 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and its progeny, must be filed within thirty (30) days of the close of fact or expert discovery (whichever is later).  Unless otherwise ordered by the Court, any opposition to such a motion must be filed two (2) weeks after the motion is served on the opposing party, and any reply must be filed one (1) week after service of any opposition.  Absent leave of the Court, any party moving to exclude expert testimony must file a single motion and single, consolidated memorandum of law, consistent with Paragraph 4(C) of the Court's Individual Rules and Practices for Civil Cases, even when seeking to exclude the testimony of multiple experts.

13.     Unless otherwise ordered by the Court, within thirty (30) days of the close of all discovery, or, if a dispositive motion has been filed, within thirty (30) days of a decision on such motion, the parties shall submit to the Court for its approval a Joint Pretrial Order prepared in accordance with the Court's Individual Rules and Practices and Fed. R. Civ. P. 26(a)(3). The parties shall also follow Paragraph 6 of the Court's Individual Rules and Practices for Civil Cases, which identifies submissions that must be made at or before the time of the Joint Pretrial Order, including any motions *in limine*.

14.     If this action is to be tried before a jury, joint requests to charge, joint proposed verdict forms, and joint proposed *voir dire* questions shall be filed on or before the Joint Pretrial Order due date in accordance with the Court's Individual Rules and Practices.  Jury instructions may not be submitted after the Joint Pretrial Order due date, unless they meet the standard of Fed. R. Civ. P. 51(a)(2)(A).  If this action is to be tried by the Court, proposed findings of fact and conclusions of law shall be filed on or before the Joint Pretrial Order due date in accordance with the Court's Individual Rules and Practices.

15.     Unless the Court orders otherwise for good cause shown, the parties shall be ready for trial two weeks after the Joint Pretrial Order is filed.

16.     This case [is _ ✓ _ / is not _     ] to be tried to a jury.

17.     Counsel for the parties have conferred, and the present best estimate of the length of trial is _5 days._____.

18.     Settlement

    a.  Settlement discussions [have _      _ / have not _ ✓ _] taken place.

    b.  [*If applicable*] Counsel have discussed an informal exchange of information in aid of early settlement and have agreed upon disclosure of the following information within _____ days:

        _____

5

_____

_____

_____

_____

   c.  If the case has not already been referred for settlement, counsel for the parties believe the following alternative dispute resolution mechanisms may be helpful in resolving this case (check any and all that apply):

             Immediate referral to the District's Mediation Program

             Immediate referral to the designated Magistrate Judge

      ✓    Referral to the District's Mediation Program for a settlement conference after _____ the close of _fact_____ discovery

             Referral to the designated Magistrate Judge for a settlement conference _[select one]_ the close of _[select one]_ discovery

             Other: _____

   d.  All counsel must meet in person for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

19.    Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.

_____

_____

_____

_____

### TO BE FILLED IN BY THE COURT IF APPLICABLE:

_____ shall file a motion for/to _____ no later than _____. Any opposition shall be filed by _____. Any reply shall be filed by _____.

      The parties shall contact the Chambers of the Magistrate Judge assigned to this case on or before _____ in order to schedule settlement discussions under his/her supervision _____.

6

Revised December 11, 2025

The parties shall file a joint letter by _____ indicating whether they would like the Court to refer the case to the assigned Magistrate Judge and/or the Court mediation program for settlement purposes and, if so, approximately when they believe a settlement conference should be held.

The next pretrial conference is scheduled for _____ at _____. Unless and until the Court orders otherwise, the conference will be held remotely by telephone in accordance with Paragraph 3.B of the Court's Individual Rules and Practices in Civil Cases. The parties should join the conference by calling the Court's dedicated conference line at (855) 244-8681 and using access code 2303 019 3884, followed by the pound (#) key. When prompted for an attendee ID number, press the pound (#) key again.

Absent leave of Court, by **Thursday of the week prior to any future conference**, the parties shall file on ECF a joint letter, not to exceed three (3) pages, regarding the status of the case. The letter should include the following information in separate paragraphs:

(1)  A statement indicating whether the parties believe they can do without the pretrial conference altogether. If not, the Court will hold the pretrial conference, albeit perhaps at a different time. To that end, counsel should indicate in their joint letter dates and times during the week of the conference that they would be available for the teleconference;

(2) A statement of all existing deadlines, due dates, and/or cut-off dates;

(3) A brief description of any outstanding motions;

(4) A brief description of the status of discovery and of any additional discovery that needs to be completed;

(5) A list of all prior settlement discussions, including the date, the parties involved, whether any third-party (e.g., Magistrate Judge, mediator, etc.) was involved, and the approximate duration of such discussions, if any;

(6) A statement of whether or how the Court could facilitate settlement of the case (for example, through a(nother) settlement conference before the assigned Magistrate Judge or as part of the Court's Mediation Program);

(7) A statement of the anticipated length of trial and whether the case is to be tried to a jury;

(8) A statement of whether the parties anticipate filing motions for summary judgment; and

(9) Any other issue that the parties would like to address at the pretrial conference or any information that the parties believe may assist the Court in advancing the case to settlement or trial.

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Further, the use of any alternative dispute resolution mechanism does not stay or modify any date in this Order. Indeed, unless the Court orders otherwise, parties

Revised December 11, 2025

8

engaged in settlement negotiations must proceed on parallel tracks, pursuing settlement and conducting discovery simultaneously.  Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail.

Any application to modify or extend the dates herein (except as provided in Paragraph 7(f)) shall be made in a written application in accordance with Court's Individual Rules and Practices for Civil Cases and shall be made no fewer than two (2) business days prior to the expiration of the date sought to be extended.  Absent exceptional circumstances, extensions will not be granted after deadlines have already passed.

SO ORDERED.


Dated:
      New York, New York

                                JESSE M. FURMAN
                          United States District Judge

Revised December 11, 2025