

**Joel B. Rothman**
Managing Partner - Board Certified in Intellectual Property Law

Direct: 561.404.4335
joel.rothman@sriplaw.com

July 6, 2026

<u>Via ECF</u>
Honorable Jesse M. Furman
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 1105
New York, NY 10007

RE:     INSTNCT GmbH and TRO GmbH v. Drew Blythe Barrymore, Papillon Productions, Inc.,
        Barrymore Brands Holdings, LLC and Tre Milano, LLC dba Instyler
        Case No.:  1:26-cv-00376-JMF

Dear Judge Furman,

On July 6, 2026, the parties who have appeared to date had a video conference.  In compliance with this Court's Order dated June 4, 2026, at ECF 54, the parties, minus Tre Milano, LLC, submit this joint letter.

**(1)**     A statement indicating whether the parties believe they can do without an initial pretrial conference altogether. If so, the Court may enter a case management plan and scheduling order and the parties need not appear. If not, the Court will hold the initial conference, albeit perhaps at a different time. To that end, counsel should indicate in their joint letter dates and times during the week of the conference that they would be available for the teleconference;

Defendants do not believe an initial pretrial conference is necessary.

**(2)**     A brief statement of the nature of the action and the principal defenses thereto.

<u>By Plaintiff:</u>
This is an action for copyright infringement of one (1) work under 17 U.S.C. § 501. The biggest issue in resolving the case is determining damages.

<u>By Defendants:</u>
Defendants deny liability and damages. Defendants have raised affirmative defenses including fair use, licensing and authorization, de minimis use, abandonment, laches, innocent use, and public domain, among others.

**(3)**     A brief explanation of why jurisdiction and venue lie in this Court.

This is an action arising under the Copyright Act, 17 U.S.C. § 501. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).  Defendants are subject to personal jurisdiction in New York, NY as they reside in this District and/or the acts caused Plaintiffs to

July 6, 2026
Page 2

suffer tortious injury in New York. Defendants have sufficient minimum contacts with the state of New York, there is direct connection between their tortious acts and the state of New York, and the exercise of personal jurisdiction over Defendants complies with the Due Process Clause of the U.S. Constitution.

Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because Defendants engaged in infringement in this district and Defendants are subject to personal jurisdiction in this district.

Defendants do not dispute the jurisdiction of this Court, or that venue lies in this Court.

**(4)**     A statement of all existing deadlines, due dates, and/or cut-off dates.

Other than the initial pretrial conference and the dates proposed by the Parties in the filed Civil Case Management Plan and Scheduling Orders, there are no outstanding deadlines in this matter.

**(5)**     A brief description of any outstanding motions.

No motions are currently outstanding. Defendant Tre Milano, LLC has yet to appear. Due to the joint and several liability of the claim, Plaintiff requests to hold off on filing any motions for final default until the appropriate time, if necessary.

**(6)**     A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations.

No discovery has taken place.  The parties have yet to engage in meaningful settlement discussions, but plan to do so.  Should any documents be necessary to assist with these settlement discussions, the Parties agree to provide those documents to each other either for the purposes of those discussions or as part of their Rule 26 Initial Disclosures.

Defendants intend to conduct discovery as to Plaintiff's standing to bring a copyright claim, any relevant licenses, and Plaintiff's claimed damages. Defendants also have raised affirmative defenses including fair use, license, de minimis use, abandonment, laches, innocent use, and public domain, among others, and Defendants, lacking sufficient knowledge as to all the facts of the claim and the purported use, intend to conduct discovery as to same.

**(7)**     A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any.

The Parties have not engaged in settlement discussions to date.

**(8)**     A statement confirming that the parties have discussed the use of alternate dispute resolution mechanism and including whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case (*e.g.*, within the next sixty days; after the deposition of plaintiff is completed; after the close of fact discovery; etc.) the use of such a mechanism would be appropriate.

The Parties have discussed the use of ADR and believe that a settlement conference before a Magistrate Judge or participation in the District's Mediation Program after discovery would be helpful.

**www.sriplaw.com**

Boca Raton  •  Los Angeles  •  Miami  •  Atlanta  •  Indianapolis  •  New York  •  Nashville  •  Cali  •  Medellín

21301 Powerline Road Suite 212, Boca Raton, FL 33433    •    +1.561.404.4350    •    info@sriplaw.com

July 6, 2026
Page 3

**(9)**     Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

None at this time.

Sincerely,

SRIPLAW, P.A.
Joel B. Rothman
21301 Powerline Road
Suite 212
Boca Raton, FL 33433

*Counsel for Plaintiffs INSTNCT GmbH and TRO GmbH*

BARTA|GOLDBERG
Robert Marc Barta
1801 Century Park East
Suite 1200
Los Angeles, California 90067

*Counsel for Defendants Drew Blythe Barrymore, Papillon Productions, Inc., and Barrymore Brands Holdings, LLC*