BARTA | GOLDBERG

1801 Century Park East, Suite 1200
Los Angeles, California 90067
t. 310.479.1454
f. 310.478.1439
bartagoldberg.com

September 30, 2026

Via ECF
Honorable Jesse M. Furman
United States District Court
Southern District of New York
40 Foley Square, Courtroom 1105
New York, NY 10007

Re: INSTNCT GmbH and TRO GmbH v. Drew Blythe Barrymore, et al.
Case Number: 1:26-cv-00376-JMF

Dear Judge Furman:

Defendants Drew Blythe Barrymore, Papillon Productions, Inc., and Barrymore Brands Holdings, LLC ("Defendants") respectfully submit this response to Plaintiffs' September 29, 2026 letter motion. Defendants support prompt entry of a protective order and have not refused to produce responsive documents. The present dispute concerns only the appropriate protection for a limited category of particularly sensitive commercial, contractual, financial, and private information.

**The Parties' Negotiations**

On September 8, Plaintiffs provided a proposed protective order. After reviewing it, Defendants' counsel advised Plaintiffs' counsel on September 11 that the anticipated discovery included sensitive licensing, financial, contractual, marketing, and other nonpublic commercial information and that a defined AEO category was necessary. Plaintiffs did not then object to the inclusion of an AEO provision.

Defendants provided their more comprehensive proposed order on September 25. It narrowly limits AEO treatment to information the disclosure of which to a party would create a substantial risk of competitive, commercial, financial, privacy, or other serious harm that could not reasonably be avoided through a "Confidential" designation. It also permits access by counsel and qualified experts, provides an expedited challenge procedure, and places the burden of sustaining the designation on the designating party.

On September 28, Plaintiffs for the first time rejected the inclusion of any AEO tier. Defense counsel explained the need for the provision, committed to using it sparingly, and proposed that the parties address any disputed designation through targeted downgrading of designation, excerpts, or redactions. Plaintiffs rejected the AEO tier categorically, did not make a counterproposal, and filed their motion without engaging in a meaningful effort to resolve the issue.

**A Limited AEO Tier Is Appropriate**

Discovery may encompass third-party licensing agreements, endorsement and other commercial contracts, nonpublic royalty and revenue information, and internal compensation arrangements concerning Defendants, their personnel, and affiliated entities. Responsive information may be contained within agreements that also include unrelated and commercially sensitive terms subject to contractual confidentiality obligations. Plaintiffs themselves do not require access to the internal arrangements by which Defendants, their personnel, or affiliated entities are compensated merely to evaluate the copyright claims and damages alleged here.

The proposed AEO tier does not prevent Plaintiffs' counsel from reviewing responsive documents, evaluating them for purposes of liability and damages, consulting qualified experts, or challenging a designation. Nor does it permit blanket designation. Defendants must make the required designation in good faith and bear the burden of establishing that AEO protection is warranted if the designation is challenged.

Plaintiffs' assertion that the parties are not direct competitors does not eliminate the potential harm from disclosure of sensitive commercial information. Defendants' proposed definition is not limited to competitive harm. It also addresses serious commercial, financial, contractual, and privacy harm that an ordinary "Confidential" designation may not adequately prevent.

Tellingly, Plaintiffs' own proposal contemplates that material could be treated as Attorneys' or Experts' Eyes Only following a further meet-and-confer. (Dkt. 81-1, para. 4, p. 2.) The present disagreement therefore is not whether such protection may ever be appropriate, but whether the order should define the category and the procedure for using and challenging it at the outset.

**Plaintiffs' Reliance on Jacoby Is Misplaced**

*Jacoby v. Hartford Life & Accident Insurance Co.*, 254 F.R.D. 477 (S.D.N.Y. 2009), relied on by Plaintiffs, does not involve circumstances comparable to those presented here. There, the defendant produced no discovery, asserted boilerplate objections, offered no explanation why the particular documents required protection, and sought protection for materials that had previously been produced in another action without a protective order. *Id*. at 478-80.

Here, Defendants have identified the categories of information requiring protection, explained the potential contractual, commercial, financial, and privacy harm, proposed a narrowly defined AEO standard, and provided a procedure through which any designation may be promptly challenged. Defendants have not demanded that all responsive documents be designated AEO or conditioned production upon Plaintiffs' acceptance of terms chosen solely by Defendants.

Plaintiffs' claim of improper delay is also difficult to reconcile with their own discovery responses. Plaintiffs have responded to requests for production of documents by stating that responsive

documents containing confidential commercial information will be produced subject to entry of an appropriate protective order. Both sides therefore recognize that entry of an order is necessary before certain sensitive documents are exchanged.

**Requested Relief**

Defendants respectfully request that the Court deny Plaintiffs' request to enter an order limited to a single "Confidential" designation and instead enter Defendants' proposed protective order, attached to Plaintiffs' submission as Exhibit 81-2. Alternatively, Defendants request that the Court conduct the informal conference requested by Plaintiffs and, pending resolution of the disputed language, permit documents genuinely requiring enhanced protection to be designated AEO, without prejudice to Plaintiffs' right to challenge any particular designation.

Defendants are prepared to begin a rolling production within seven business days after entry of the protective order or the Court's interim direction and respectfully request that Plaintiffs be directed to begin their reciprocal production on the same schedule.

Respectfully submitted,

Robert M. Barta

The Court agrees with Defendants that a limited AEO tier is appropriate - so long as there is a procedure for the other party to challenge any such designation (after conferring). In light of the foregoing, the parties should promptly confer and agree upon a proposed protective order - whether Defendants' proposed order (ECF No. 81-2) or otherwise - and submit it to the Court to be so ordered. (If the parties cannot agree, they should file their proposed competing orders as well as a redline showing the differences between the competing proposals - and simultaneously email to the Court the competing versions in Microsoft Word format.)

The Clerk of Court is directed to terminate ECF No. 81.

SO ORDERED.

October 5, 2026