UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INSTNCT GMBH and TRO GMBH,

Plaintiffs,

-against-

DREW BLYTHE BARRYMORE, PAPILLON PRODUCTIONS, INC., BARRYMORE BRANDS HOLDINGS, LLC, and TRE MILANO, LLC dba INSTYLER,

Defendants.

Case No. 1:26-cv-00376-JMF

**STIPULATED PROTECTIVE ORDER**

WHEREAS, all parties to this action (collectively, the "Parties") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and commercially sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, the Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action.

IT IS HEREBY ORDERED that any person subject to this Order—including, without limitation, the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—will adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" or "Attorneys' Eyes Only" pursuant to the terms of this Order (collectively, "Protected Information") shall not disclose such Protected Information to anyone else except as expressly permitted hereunder. Nothing in this Order shall restrict in any way a producing party's use or disclosure of its own Protected Information.

2. The person producing Discovery Material may designate as "Confidential" any portion thereof that contains nonpublic business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing party, seriously harm the producing party's business, commercial, financial, or personal interests or cause the producing party to violate its, his or her privacy or confidentiality obligations to others. Where the confidential portion of the Discovery Material is reasonably separable from the non-confidential portion, via redaction or otherwise, only the confidential portion shall be so

designated.

3. The producing party may further designate Discovery Material, or any portion thereof, as "Attorneys' Eyes Only" only where the producing party has a good-faith basis to believe that disclosure to a party, officer, director, or employee would create a substantial risk of competitive, commercial, financial, privacy, or other serious harm that could not reasonably be avoided by a "Confidential" designation. Such material may include nonpublic licensing terms, royalty or revenue information, contracts with third parties, marketing or business plans, commercially sensitive social-media or endorsement information, and other similarly sensitive information. The designation shall be limited to the portions of the material that qualify for such protection.

4. The following Discovery Material is not Protected Information:

a. Any Discovery Material that is or, after its disclosure to a receiving party, becomes publicly known as a result of publication not involving a violation of this Order or other obligation to maintain the confidentiality of such material;

b. Any Discovery Material that the receiving party can show was already publicly known prior to the disclosure;

c. Any Discovery Material that the receiving party can show by written records was received by it from an alternate source that obtained the material lawfully and under no obligation of confidentiality to the producing party;

d. Any Discovery Material that was previously produced, disclosed and/or provided by the producing party to the receiving party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; and

e. Any Discovery Material that a Court has determined pursuant to Paragraph 12 is not Protected Information.

5. With respect to the confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing party or that person's counsel may designate such portion as "Confidential" or "Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Attorneys' Eyes Only" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as "Confidential" or "Attorneys' Eyes Only" either on the record during the deposition or in writing within fourteen (14) days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter. Deposition transcripts shall be treated by default as "Attorneys' Eyes Only" until the expiration of the time to make a confidentiality designation unless otherwise agreed to by the parties. If the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of: "This videotape may contain confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties."

6. If at any time prior to the trial of this action, a producing party realizes that some portion of Discovery Material that the person previously produced without limitation should be designated as "Confidential" or "Attorneys' Eyes Only," the producing party may so designate that portion by promptly notifying all parties in writing. Such designated portion of the Discovery Material will thereafter be treated as Confidential or Attorneys' Eyes Only under the terms of this

Order. In addition, the producing party shall provide the receiving party with replacement versions of such Discovery Material that bears the "Confidential" or "Attorneys' Eyes Only" designation within two (2) business days of providing such notice. Disclosure of such Discovery Material to persons not authorized to receive that material prior to receipt of the confidentiality designation shall not be deemed a violation of this Order. However, in the event the material has been distributed in a manner inconsistent with the categorical designation, the receiving party will take the steps necessary to conform distribution to the categorical designation, *i.e.*, by retrieving all copies of the Discovery Material, or notes or extracts thereof, in the possession of the persons not authorized under this Order to possess such Discovery Material and advising the person to whom disclosure was made that the material is confidential and must be treated as provided in the Order.

7. No person subject to this Order, other than the producing party, shall disclose any "Confidential" Discovery Material to any person other than the following:

a. The officers, directors, and employees (including in-house counsel and supporting personnel employed by the legal department) of the parties deemed necessary to aid counsel in the conduct of the action;

b. Outside counsel retained by the parties specifically for this action, including any paralegal, clerical or other assistant or support staff employed by such counsel and assigned to work on this action;

c. As to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

d. In connection with their depositions or trial testimony, any fact witness to whom counsel for a party in good faith believes disclosure is reasonably necessary, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

e. Any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

f. Stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

g. Independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in this action;

h. The Court and its staff; and

i. Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

8. No person subject to this Order, other than the producing party, shall disclose any "Attorneys' Eyes Only" Discovery Material to any person other than the following:

a. Outside counsel retained by the parties specifically for this action, including any paralegal, clerical or other assistant or support staff employed by such counsel and assigned to work on this action;

b. As to any document, its author, its addressee, any other person shown on the face of the document as having received a copy, and any individual within the employ of the producing party or one of its affiliates;

c. Any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

d. Stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

e. Independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in this action;

f. The Court and its staff;

g. Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

h. Any other person whom the producing party, or other party designating the Discovery Material as Attorneys' Eyes Only, agrees in writing may have access to such Attorneys' Eyes Only Discovery Material.

9. Prior to the disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 7(d) or 7(e) above, or any Attorneys' Eyes Only Discovery Material to any person referred to in subparagraph 8(c) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto, stating that the person has read this Order and agrees to be bound by its terms.

10. Except as may be otherwise ordered by the Court, any person may be examined as a witness at deposition and trial and may testify concerning all Protected Information of which such person has prior personal knowledge. Without in any way limiting the generality of the foregoing:

a. A present director, officer, and/or employee of a producing party may be examined and may testify concerning all Protected Information that has been produced by that party;

b. A former director, officer, agent and/or employee of a producing party may be examined and may testify concerning all Protected Information of which he or she has personal knowledge, including any Protected Information that refers to matters of which the witness has personal knowledge, that has been produced by that party and that pertains to the period or periods of his or her employment; and

c. Non-parties may be examined or testify concerning any Protected Information of a producing party that appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the producing party or a representative of the producing party; and

d. With respect to depositions, any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Information under this Order shall be excluded from the portion of the examination or testimony concerning such Protected Information, unless the producing party consents to persons other than qualified recipients being present for the examination or testimony. If the witness is represented at deposition by an attorney who is not qualified under this Order to receive such Protected Information, then prior to the start of the deposition, the attorney must provide a Non-Disclosure Agreement, in the form annexed hereto, confirming that he or she will comply with the terms of this Order and maintain the confidentiality of Protected Information disclosed during the course of the deposition. In the event that such attorney

declines to sign such a statement prior to the deposition, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Information.

11. Except as required by law, Protected Information shall be used solely for the purpose of preparing for, and conducting, the prosecution or defense of this action, including any appeals thereof, and shall not be used by the parties or any other person for any commercial, business, competitive, or other purpose. Absent consent from a producing party, which shall be given solely in that producing party's discretion, no Protected Information produced by such producing party may be used in connection with any other litigation, matter, or proceeding.

12. Any person who either objects to any designation of confidentiality or who, by contrast, requests further limits on disclosure (such as "Attorneys' Eyes Only"), may at any time prior to trial of this action, serve upon the designating person and all other parties a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons shall request a joint telephone call with the Court to obtain a ruling. The designating party bears the burden of establishing that the challenged material is entitled to the level of protection asserted. Pending resolution, the challenged material shall be treated according to its existing designation. Nothing in this Order constitutes an admission that any Discovery Material is relevant, discoverable, admissible, or entitled to confidential treatment, and all objections are preserved.

13. Notwithstanding the designation of material as "Confidential" or "Attorneys' Eyes Only" in discovery, there is no presumption that such Protected Information will be filed with the Court under seal. The parties shall follow Judge Furman's Individual Rules and Practices with respect to all requests for filing under seal, and, absent written permission from the producing party, shall make such a sealing request prior to filing any Protected Information.

14. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been designated as Confidential or Attorneys' Eyes Only or sealed during pretrial proceedings.

15. Each person who has access to Protected Information shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. In the event of a disclosure of any Protected Information pursuant to this Order to any person or persons not authorized to receive such disclosure under this Protective Order, the party responsible for having made such disclosure, and each party with knowledge thereof, shall immediately notify counsel for the producing party whose Protected Information has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing party shall also promptly take all reasonable measures to retrieve the improperly disclosed Protected Information and to ensure that no further or greater unauthorized disclosure and/or use thereof is made. Unauthorized or inadvertent disclosure does not change the status of Protected Information or waive the right to hold the disclosed document or information as Confidential or Attorneys' Eyes Only.

Personally identifying information, including social security numbers, financial account numbers, passwords, personal contact information, and similar information that could facilitate identity theft or unwarranted invasion of privacy, shall be maintained using reasonable safeguards and disclosed only as reasonably necessary for this action. Nothing in this Order displaces Federal Rule of Civil Procedure 5.2 or other applicable privacy requirements.

16. If, in connection with this litigation, and despite having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a producing party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

17. If a disclosing person makes a claim of inadvertent disclosure, all receiving persons shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information and provide a certification of counsel that all such information has been returned or destroyed. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing person shall produce a privilege log with respect to the Inadvertently Disclosed Information.

18. If a receiving person thereafter moves the Court for an order compelling production of the Inadvertently Disclosed Information, that motion shall be filed under seal, and shall not assert as a ground for entering such an order the mere fact of the inadvertent production. The disclosing person retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

19. The production of privileged or work-product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

20. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

21. If Protected Information is sought from a receiving party by subpoena, court order, or other compulsory process, the receiving party shall, to the extent legally permitted, promptly provide written notice and a copy of the demand to the designating party sufficiently in advance of the required production to permit the designating party to seek protection. The receiving party shall not be required to violate a lawful directive or bear the expense of seeking protection for another party's information. Nothing in this paragraph authorizes disclosure otherwise prohibited by this Order.

22. No party shall be required to identify on their respective privilege log any document or communication dated on or after the filing of the lawsuit between and/or among any party, its inside counsel, and/or its outside counsel in this lawsuit related to the prosecution or defense of this lawsuit which absent this provision, the party would have been obligated to so identify on said privilege log.

23. Upon written request made within thirty (30) days after the entry of a final non-appealable judgment or order, or the expiration of the deadline for any party to appeal any final judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party shall have thirty (30) days to either (a) promptly return to counsel for each Designating party all Protected Information and all copies, (b) agree with counsel for the Designating party upon appropriate methods and certification of destruction or other disposition of such materials, or (c) as to any Protected Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court

order regarding proper preservation of such Protected Information.

24. Notwithstanding the foregoing, outside litigation counsel of record may retain one archival copy of pleadings, motion papers, deposition transcripts and exhibits, expert reports, correspondence, attorney work product, and other materials reasonably necessary to maintain a complete litigation file, including materials that contain or refer to Protected Information. Any retained Protected Information shall remain subject to this Order.

25. During the pendency of this case, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt hereof.

SO STIPULATED.

Joel B. Rothman
*Counsel for Plaintiffs*

Robert M. Barta
*Counsel for Defendants*

SO ORDERED.

Dated: October 8, 2026
New York, New York

JESSE M. FURMAN
United States District Judge

This stipulation binds the parties to treat as confidential the documents so classified. This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents." See generally Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006). To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order. See New York ex rel. Khurana v. Spherion Corp., No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INSTNCT GMBH and TRO GMBH,

Plaintiffs,

-against-

DREW BLYTHE BARRYMORE, PAPILLON PRODUCTIONS, INC., BARRYMORE BRANDS HOLDINGS, LLC, and TRE MILANO, LLC dba INSTYLER,

Defendants.

Case No. 1:26-cv-00376-JMF

**NON-DISCLOSURE AGREEMENT**

I, ______________________________, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Attorneys' Eyes Only. I agree that I will not disclose such Confidential or Attorneys' Eyes Only Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all Confidential and Attorneys' Eyes Only Discovery Material to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purposes of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_________________________________

Dated: